JOHN G. FIELD *vs.* WILLIAM PLAISTED and another.

Washington.    Opinion December 27, 1883.

*New trial. Excessive damages. Stationary engine.*

Where a verdict is not so clearly excessive as to create a belief that the jury was influenced by improper motives, or fell into some mistake in making their computation, the court has no right to set the verdict aside.

In an action of the case where the plaintiff claimed that he had for several years suffered great inconvenience and annoyance, and damage from sparks, soot and cinders from the defendants' steam engine. *Held,* that a verdict for one-hundred and seventy-five dollars was not so clearly excessive as to authorize the court to set it aside.

ON MOTION to set aside the verdict.

An action of the case to recover damages for the erection, maintenance and operation of a stationary steam engine in Princeton.

The writ was dated May 1, 1880.

The essential facts appear in the opinion.

*J. and G. F. Granger, and Hanson,* for the plaintiff.

*Rounds and McKusick,* for the defendants.

WALTON, J. The plaintiff claims that he has for several years suffered great inconvenience and annoyance, and damage from sparks, soot and cinders, from the defendants' steam engine; and for this injury he has obtained a verdict for $175 damages; and the defendants move to have the verdict set aside and a new trial granted on the ground that the damages are excessive. We do not think the motion can be allowed. This is one of a class of cases in which it is difficult to estimate the damages. The actual pecuniary loss may be very small, while the annoyance, inconvenience and discomforts may be very large; and the pecuniary value of the latter is a matter in relation to which men's minds are liable to differ. One jury might fix the damages at one sum, and another jury at a different sum, and yet both act honestly. If in such a case, the verdict is not so clearly excessive as to create a belief that the jury was influenced by improper motives, or fell into some mistake in making their computation, the court has no right to set the verdict aside and put the parties to the trouble and expense of another trial. We have carefully read the evidence in this case, and the impression made upon our minds is that the verdict is not so clearly excessive as to raise the presumption that the jury must have fallen into some error, or been influenced by some improper motive. If another trial should be had, we think it is by no means certain that the damages would be reduced.

*Motion overruled.*

*Judgment on the verdict.*

APPLETON, C. J., DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.